IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| GABRIEL AGUILAR-HERNANDEZ, | § | |
| *Plaintiff*, #86277-083 | § | |
| | § | |
| v. | § | PE:19-CV-00024-DC-DF |
| | § | |
| GEO GROUP, WARDEN RCDC III | § | |
| LA VAUGHN GARTON, and | § | |
| HEALTH SERVICE ADMINISTRATOR[1] | § | |
| JOSEPH FAJARDO, | § | |
| *Defendants*. | § | |

**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**

TO THE HONORABLE DAVID COUNTS, UNITED STATES DISTRICT JUDGE:

Before the Court are Defendants GEO Group and Warden RCDC, III's (collectively, "Defendants") Motion for Summary Judgment and Motion for Leave to File Supplemental Answer (hereafter, "Motion for Leave"). (Docs. 22, 23). This case is before the undersigned U.S. Magistrate Judge through a standing order of referral from the District Judge pursuant to 28 U.S.C. § 636, and Appendix C of the Local Rules for Assignment of Duties to U.S. Magistrate Judges. After due consideration, the undersigned **RECOMMENDS** that Defendants' Motion for Summary Judgment be **GRANTED**. (Doc. 23). The undersigned further **RECOMMENDS** that Defendants' Motion for Leave be **DENIED AS MOOT**. (Doc. 22).

**I. BACKGROUND**

Plaintiff Gabriel Aguilar-Hernandez (Plaintiff) filed the present suit on June 13, 2019, alleging violations of his federally protected civil rights. (Doc. 1). Plaintiff is currently incarcerated at the Reeves County Detention Center III (RCDC). *Id*. On April 12, 2019, Plaintiff suffered an ankle injury during a soccer game. *Id*. Plaintiff complains that after the injury, he received negligent, delayed medical care that

---

1. The Clerk of Court is directed to substitute La Vaughn Garton for the defendant previously identified as Warden RCDC III and to link the attorney for Warden RCDC III to La Vaughn Garton. The Clerk of Court is further directed to substitute Joseph Fajardo for the defendant previously identified as Health Service Administrator. Defendant notified the Court in Document No. 26 that he was misidentified as a licensed physician.

ultimately required surgery to correct. (Doc. 8). On June 19, 2019, the Court ordered Plaintiff to file a More Definite Statement. (Doc. 3).

Plaintiff filed a Supplemental Complaint on September 9, 2019, clarifying the defendants he sues. He names the defendants as: GEO Group, Inc.; Warden, Reeves County Detention Center III; and Health Service Administrator for Reeves County Detention Center III. (Doc. 10). Defendants collectively filed a timely Answer on October 15, 2019, denying Plaintiff's allegations and asserting the following affirmative defenses: (1) Plaintiff failed to exhaust his administrative remedies; (2) liability for constitutional violations does not extend to privately-operated facilities; (3) Plaintiff failed to state a colorable claim for denial of medical care; and that Plaintiff failed to establish that he suffered any injuries as a result of the allegations in his Complaint. (Doc. 13).

Plaintiff subsequently amended his complaint a second time. (Doc. 17). In his Amended Complaint, Plaintiff substitutes La Vaughn Garton for the defendant previously identified as Warden RCDC III and substitutes Dr. Fajardo for the defendant previously identified as Health Service Administrator. *Id*. Also, in his Amended Complaint, Plaintiff adds a claim for relief under the Federal Tort Claims Act (FTCA). *Id*. Defendants filed a Motion for Summary Judgment on January 3, 2020, relating to Plaintiff's Original Complaint. (Doc. 23). Plaintiff has not responded to the Motion; accordingly, this matter is ready for disposition.

## II. LEGAL STANDARD

A. *Summary Judgment Standard*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law, and a dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *United States v. Renda*, 709 F.3d 472, 478 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact." *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then shifts to the nonmoving party to point to "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. However, the court does not have "a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Evidence that exists in the summary judgment record but is not referred to in the nonmovant's response to the motion for summary judgment is not properly before the court. *Id*. In reviewing the record, "the court must draw all reasonable inferences in favor of the nonmoving party and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). However, the court may not "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

The allegations made in a *pro se* complaint are held "to a less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). To hold a *pro se* plaintiff to strict compliance with standards demanded of lawyers "would be inequitable" as courts would punish a *pro se* plaintiff "for lacking the linguistic and analytical skills of a trained lawyer." *Perez v. United States*, 312 F.3d 191, 194 (5th Cir. 2002). To avoid such a result, "courts have adopted the rule that a *pro se* plaintiff's pleadings are liberally construed." *Id*. at 195. However, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison Cty. Jail*, 975 F.2d 192, 193 (5th Cir. 1992); *see also Ogbodiegwu v. Wackenhut Corrections Corp.*, 202 F.3d 265 (5th Cir. 1999) (unpublished) ("Although the pleadings filed by *pro se* parties are held to 'less stringent standards than formal pleadings drafted by lawyers,' *pro se* parties must still comply with the rules of procedure and make arguments capable of withstanding summary judgment." (citing *Haines*, 404 U.S. at 520; *Grant v. Cellular*, 59 F.3d 523, 524 (5th Cir.1995)).

B.  *Standard for Review Under 28 U.S.C. § 1915(e)*

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court is empowered to dismiss an *in forma pauperis* proceeding if it finds that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). Dismissal of a claim as frivolous under § 1915(e) is permissible where the claim lacks an arguable basis either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). "Typical examples of claims which can be dismissed pursuant to § 1915(e) include (1) claims against which it is clear that the defendants are immune from suit, (2) claims of infringement of a legal interest that clearly does not exist, and (3) claims which are barred by limitations." *See Hicks v. Brysch*, 989 F. Supp. 797, 815 (W.D. Tex. 1997) (footnotes and citations omitted).

A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them. *See Gartrell v. Gaylor*, 981 F.2d 254, 259 (5th Cir. 1993). In reviewing a complaint under § 1915(e), a court is *not* bound to accept without question the truth of the plaintiff's allegations. *See Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Further, in an action proceeding under § 1915(e), a federal court may consider *sua sponte* affirmative defenses that are apparent from the record even where they have not been addressed or raised in the pleadings on file. *See Schultea*, 47 F.3d at 1434 (recognizing the authority of the district court to dismiss an action pursuant to § 1915(d) based on the doctrine of qualified immunity); *Gartrell*, 981 F.2d at 259. Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of an answer. *See id.*

In addition to dismissal for frivolousness, a court may also dismiss the suit for failure to state a claim on which relief may be granted. Tracking the same language as Rule 12(b)(6) and applying the same standards, § 1915(e)(2)(B)(ii) provides for dismissal if, accepting plaintiff's factual allegations as true, it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See Black v. Warren*, 134 F.3d 732 (5th Cir. 1998). And although a *pro se* litigant's

4

pleadings must be read more liberally than those filed by an attorney, the complaint must nonetheless allege sufficient facts from which the defendant can fairly appreciate the claim made against them. Some facts must be alleged which convince the Court that the plaintiff has at least a colorable claim. Conclusory allegations will not suffice. *See Mills v. Criminal Dist. Ct.*, 837 F.2d 677, 678 (5th Cir. 1988).

### III. ANALYSIS

A. *42 U.S.C. § 1983 and* Bivens *Claims*

To the extent Plaintiff raises constitutional claims, Defendants argue they are entitled to summary judgment for the following reasons: Plaintiff has failed to exhaust his administrative remedies; Defendants cannot be held liable under 42 U.S.C. § 1983; Plaintiff has failed to state a valid claim under 42 U.S.C. § 1983; Plaintiff has failed to state a claim for denial of medical care; and Defendant Warden Garton is entitled to qualified immunity. (*See generally* Doc. 23).

"To state a [§] 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *James v. Texas Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008) (citing *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)). However, "§ 1983 [only] applies to constitutional violations by state, rather than federal, officials." *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999), *overruled on other grounds by Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003) (en banc). Further, the Supreme Court has held that private prisons acting under color of federal law cannot be held liable under § 1983. *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61 (2001). Here, Defendants argue that because they are not state actors, they cannot be held liable under § 1983. (Doc. 23). The undersigned agrees and **RECOMMENDS** that Defendants' Motion for Summary Judgment be **GRANTED** as it relates to Plaintiff's claims under § 1983. (Doc. 23).

Plaintiff is not limited to seeking a remedy solely through § 1983, however, and may also sue federal officials for denying him his constitutional rights via a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Here, however, Plaintiff also cannot maintain an action under *Bivens*. As is the case with suits under § 1983, the Supreme Court's holding in

5

*Malesko* also bars recovery against private entities acting under color of federal law through a *Bivens* action. *See Malesko*, 534 U.S. at 74. Further, in order to state a *Bivens* claim against an individual officer, Plaintiff must allege that the individual was acting under federal law and deprived him of a right secured by the United States Constitution. However, while Plaintiff does make such an allegation here, the Supreme Court recently addressed the application of *Bivens* to claims similar to Plaintiff's and concluded:

> [W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a Bivens remedy in such a case.

*Minneci v. Pollard*, 565 U.S. 118, 131 (2012). As in *Minneci*, Plaintiff in this case has raised claims challenging conduct that typically falls within the scope of traditional state tort law. Accordingly, Plaintiff cannot maintain a *Bivens* claim against Defendants and the undersigned **RECOMMENDS** that Defendants' Motion for Summary Judgment be **GRANTED** as it relates to Plaintiff's *Bivens* claims. (Doc. 23).

    B. *Federal Tort Claims Act*

In Plaintiff's amendment to his complaint, he adds a claim for relief under the FTCA. (Doc. 17). The FTCA is a limited waiver of the federal government's immunity from tort lawsuits, allowing plaintiffs to sue the federal government

> for money damages . . . [for] personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Here, Plaintiff is attempting to sue the Defendants under the FTCA. (Doc. 17 at 3). However, the United States is the only proper defendant in a suit under the FTCA. *See Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) ("It is beyond dispute that the

6

United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."). Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction. *Id*. Accordingly, Plaintiff's claims against Defendants under the FTCA should be dismissed with prejudice under § 1915(e)(2) for lack of jurisdiction. *See Turnbaugh v. United States*, 2019 WL 3804978, at *4 (N.D. Tex. July 2, 2019) (dismissing FTCA claims against individual defendants under § 1915(e)(2)(B) as frivolous), *report and recommendation adopted*, 2019 WL 3803656 (N.D. Tex. Aug. 13, 2019).

## IV. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendants' Motion for Summary Judgment be **GRANTED**. (Doc. 23). The undersigned further **RECOMMENDS** that Plaintiff's claim under the FTCA be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e). (Doc. 17).

The undersigned finally **RECOMMENDS** that Defendants' Motion for Leave be **DENIED AS MOOT** as all claims against Defendant are disposed of by this Report and Recommendation. (Doc. 22).

## Instructions for Service and Right to Appeal/Object

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Judge. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the U.S. Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written

objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

It is so **ORDERED**.

SIGNED this 26th day of March, 2020.

_____
DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE